UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA

TRAVIS L. DAVIDSON,　　　　　　　　)
　　　　　　　　　　　　　　　　　　)
　　　　Movant,　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　)
V.　　　　　　　　　　　　　　　　　)　　　5:15-cv-8273
　　　　　　　　　　　　　　　　　　)
DR. MARTIN-BROWN, JOEL COAKLEY)
DARREN SIMPSON, WILLIAM　　　　　 )
CARNELL, CHRISTINE MILAM, MR. )
ALLEN, DRUG TREATMENT　　　　　　 )
SPECIALIST.　　　　　　　　　　　　)



FILED
JUN 2 4 2015
TERESA L. DEPPNER, CLERK
U.S. District Court
Southern District of West Virginia

COMBINED MOTION FOR TEMPORARY RESTRAINING
ORDER AND PRELIMINARY INJUNCTION
(Fed. R. Civ. P. 65 (a),(b))

RELIEF SOUGHT

Plaintiff moves this court, pursuant to Rule 65 of the Federal Rules of Civil Procedure:

To issue a temporary restraining order of Southern West Virginia United States District Court of paragraphs:

1.  Restraining Dr. Martin-Brown, Mr. Simpson, Mr. Allen, Mrs. Milam, and W. Carnell from depriving Movant of harassment free drug treatment.

2.  Restraining Dr. Martin-Brown, Mr. Simpson, Mr. Allen, Mrs. Milam, W. Carnell or any other staff at Beckley Federal Prison

Camp from subjecting Movant to any acts that could be construed as retaliatory.

To issue a preliminary injunction of the order of Southern West Virginia United States District Court of Paragraph:

1. Restraining Warden Joel Coakley from detaining Movant at a facility where he is subjected to violations of the first, fifth, and eighth amendments of the United States Constitution.

## GROUNDS

A. Movant is entitled to drug treatment 18 U.S.C. 3621(b) "The Bureau shall make available appropriate substance abuse treatment for each prisoner the Bureau determines has a treatable condition of substance addiction or abuse."

B. Movant is entitled to participate in substance abuse treatment without being discriminated against or harassed 28 CFR 551.90, "Bureau staff shall not discriminate against inmates on the basis of race, religion, national origin, sex, disability, or political belief. This includes the making of administrative decisions and providing access to work, housing, and programs;" and BOP Policy 3713.25: "it is unlawful to harass a person because of that person's sex. Harassment does not have to be of a sexual nature, however, and can include offensive remarks about a person's sex."

C. Defendants were complicit in retaliating against Movant for the following legal actions: he inquired about the second chance act, he filed a complaint against Mrs. Milam for issuing a

capricious and retaliatory incident report. Movant refused to sign a formal warning that contained erroneous information. The retaliatory acts violate the first amendment. Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005). (Retaliation claims require "five basic elements: (1) an assertion that a state actor took adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights (5) The action did not reasonably advance a legitimate correctional goal;") Revels v. Vincenz, 382 F.3d 870, 876 (8th Cir. 2004)(Plaintiff must show (1) he engaged in a protected activity (2) the government official took adverse action against him that would chill a person of ordinary firmness from continuing this activity, and (3) the adverse action was motivated at least in part by the exercise of the protected activity"); Rauser v. Horn, 241 F.3d 330, 333 (3rd Cir. 2001) (prisoner must allege constitutionally protected conduct, adverse action, and causal link between the two"); Hoskins v. Lenear 395 F.3d 372, 275 (7th Cir. 2005)(per curiam)(Prisoners are entitled to utilize available grievance procedures without threat of recrimination"); and Allen V. Thomas, 388 F.3d 147, 149 (5th Cir. 2004) ("to state a valid claim for retaliation, an inmate must produce direct evidence of motivation or allege a chronology of events from which retaliation may plausibly be inferred."

1. On December 24, 2015, Dr. Martin-Brown and Camp Administrator David LeMaster accused Affiant of asking people to call him a woman and laying in the bed naked. Dr. Martin-Brown asked:

"Do you want treatment or not?" David LeMaster said: "Don't waste our staff's time."

2. The following week, inmate S. Muhammed said Mr. Simpson, DTS called him to his office and asked: "Is Davidson hitting on you? Is he asking to be called a lady?" When Muhammed answered no to both questions, Simpson asked: "Whose side are you on, our or his?"

3. All through January and February Affiant was targeted by inmates and staff for extra scrutiny.

4. In March, 2015, Affiant was accused of manipulation because other inmates were helping him. Even though it is documented in his medical file that Affiant has severely injured knees, the DTS staff forbade other inmates from helping him. Mr. Simpson said: "He needs to help himself."

5. Later in March, Affiant asked Unit Manager Mrs. Stennett about the Second Chance Act.

6. April 1, 2015, DTS Milam wrote an unmeritorious indicent report alleging that Affiant violated code 296. Affiant assumed the incident report was a continuation of the harassment and filed a complaint against Mrs. Milam. The incident report was dismissed April 14, 2015.

7. April 16, 2015, two days after the incident report was dismissed, Affiant was teamed (the prerequisite to a formal warning). To justify it, DTS staff used a distorted version of a conversation Affiant had with his cellmate. During that conversation,

4

Affiant said he would not change the fact that his is gay. Affiant's cellmate, Marvin Acree and inmate Kevin Sosa distorted those comments and told the DTS staff that Affiant said the program couldn't change him. During the disputed conversation, Acree, who is Muslim, stated it is against his religion to share a cell with someone who is gay. He is only doing it because of the program.

8. April, 16, 2015, during the team (intervention), the DTS staff, including Dr. Martin-Brown, Simpson, Allen, and Milam took turns excoriating Affiant. This excoriation included a profanity laced tirade by Simpson. He told Affiant: "I don't have time for your bullshit. I tired of you. The staff is tired of you, and the peers in the community are tired of you. You need to sign out because staff is tired of you."

9. April 21, 2015, Affiant was issued a formal warning that he didn't agree with. Signing the document would have meant acceptance of an account of events that he disputes. Dr. Martin-Brown, because Affiant refused to sign, expelled him from the program. She transmitted a report to the DSCC Administrator that claimed Affiant withdrew.

10. Affiant has experienced extreme emotional distress. Since his expulsion from the program, Affiant has experienced depression, anxiety, stomach ulcers (cramping and pain), irritable bowel syndrome, excessive bleeding of hemorhoids, sleep deprivation and knee pain.

Respectfully Submitted,

Travis Davidson
Reg. #17151-171
FPC Beckley
P.O. Box 350
Beaver, WV 25813